IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-02354-PAB-MEH

CATHERINE TOWNSEND,

    Plaintiff,

v.

ADAMS 12 FIVE STAR SCHOOLS,

    Defendant.
_____

**ORDER**
_____

This matter is before the Court on Defendant's Motion for Summary Judgment [Docket No. 18]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND[1]

On March 16, 2006, plaintiff Catherine Townsend began working for defendant Adams 12 Five Star Schools, a public school district in Colorado, as a construction project manager. Docket No. 18 at 2, ¶ 1.[2] Plaintiff has a business management degree from the University of Phoenix as well as a degree in construction management from Cal State Hayward. Docket No. 18 at 8, ¶ 48. Her employment with defendant

---

[1] The following facts are undisputed unless otherwise noted.

[2] Because plaintiff responded to only one of the undisputed material facts in defendant's summary judgment motion, see Docket No. 22 at 2, the Court considers plaintiff to have admitted the remaining undisputed facts. See Fed. R. Civ. P. 56(e)(2) (providing that, "[i]f a party fails to properly . . . address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion"); Practice Standards (Civil Cases), Judge Philip A. Brimmer § III.F.3.b.iv (requiring a party opposing a summary judgment motion to "admit or deny the asserted material facts set forth by the movant").

was governed by a series of one-year contracts that were renewed through 2014. *Id.*, ¶ 2.

As a project manager, plaintiff oversaw various construction projects throughout the school district. Docket No. 1 at 2, ¶ 10. She often worked closely with the Resources Operations Department to facilitate the project bidding process. *See id.*, ¶ 12; Docket No. 18 at 8, ¶ 49; Docket No. 23-2 at 4, 49:24-52:22. Plaintiff's specific duties included preparing contracts, work orders, and bidding documents for the projects to which she was assigned. Docket No. 18 at 8, ¶ 49.

On or about May 14, 2015, defendant informed plaintiff that her contract was not being renewed for the following school year. Docket No. 18 at 7, ¶ 40. Defendant gave plaintiff a proposed separation agreement. *Id.*, ¶ 42. The terms of the separation agreement were that plaintiff would "resign effective May 13, 2015" and be placed on paid administrative leave from May 13, 2015 to June 30, 2015, during which time she would continue to receive her "proportionate share of accrued temporary leave and vacation . . . pursuant to the terms of the Administrative Employees' Compensation Program Handbook." *Id.*, ¶ 43; Docket No. 18-8 at 2, ¶¶ 1-3. The agreement also included an express waiver of "any and all actions, causes of action, . . . and liabilities . . . . aris[ing] out of, relat[ing] to, or . . . based upon" plaintiff's employment, including claims arising under Title VII of the Civil Rights Act of 1964. Docket No. 18 at 8, ¶ 44; Docket No. 18-8 at 2-3, ¶ 5.[3] Plaintiff reviewed the agreement for several days before

---

[3]The waiver clause states that:

Employee, individually and on behalf of her successors, heirs, and assigns, hereby forever releases, waives, and discharges the District and

2

signing it on May 18, 2015. Docket No. 18 at 8, ¶ 45. She also consulted an attorney regarding the terms of the agreement. Docket No. 18 at 8, ¶ 47.

Plaintiff filed this lawsuit on September 19, 2016, asserting claims for sexual discrimination and retaliation under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* Docket No. 1. On August 21, 2017, defendant moved for summary judgment on both claims. Docket No. 18.

## II. LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). A disputed fact is "material" if

---

its current and former directors, employees, board members, administrators, and representatives (the "Released Parties") from any and all actions, causes of action, claims, demands, losses, damages, costs, attorneys' fees, and liabilities whatsoever, known or unknown, suspected or unsuspected, of every kind and description through the date of execution of this Agreement ("Released Claims"). The Released Claims shall include, without limitation, all claims of every kind which arise out of, relate to, or are based upon: (i) Employee's employment; (ii) statements, acts or omissions by the Released Parties; (iii) express, implied or equitable agreements between the Parties; (iv) Titles VI and VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; (v) 42 U.S.C. §§ 1983 and 1988; (vi) the Civil Rights Act of 1991, 42 U.S.C. § 1981 *et seq.*; (vii) the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; (viii) the Colorado Anti-Discrimination Act, Colo. Rev. Stat. § 24-34-401 *et seq.*; (ix) Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; (x) Title IX of the Education Amendments of 1972; (xi) The Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*; (xii) all other state and federal statutes; (xiii) state and federal common law; and (xiv) any claim which was or could have been raised by the Employee against the District.

Docket No. 18-8 at 2-3, ¶ 5.

3

under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc*., 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (internal quotation marks omitted) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115. When considering a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*

4

## III. ANALYSIS

Defendant argues it is entitled to summary judgment because plaintiff knowingly and voluntarily released all claims arising out of her employment with defendant when she signed the separation agreement. Docket No. 18 at 8.

"Title VII . . . employment discrimination claims may be waived by agreement, but the waiver of such claims must be knowing and voluntary." *Torrez v. Pub. Serv. Co. of New Mexico, Inc.*, 908 F.2d 687, 689 (10th Cir. 1990). To determine whether a waiver was knowing and voluntary, courts in this circuit consider the totality of circumstances under which the release of liability was signed, including:

> (1) the clarity and specificity of the release language; (2) the plaintiff's education and business experience; (3) the amount of time plaintiff had for deliberation about the release before signing it; (4) whether [p]laintiff knew or should have known his rights upon execution of the release; (5) whether plaintiff was encouraged to seek, or in fact received benefit of counsel; (6) whether there was an opportunity for negotiation of the terms of the Agreement; and (7) whether the consideration given in exchange for the waiver and accepted by the employee exceeds the benefits to which the employee was already entitled by contract or law.

*Id.* at 689-90.[4] Defendant argues that, with the exception of the sixth factor, the totality of the circumstances weigh in favor of enforcing plaintiff's separation agreement.

---

[4]Athough the issue of whether a release of federal employment discrimination claims was knowing and voluntary is governed by federal law, see *Torrez*, 908 F.2d at 689; *Pierce v. Atchison, Topeka & Santa Fe Ry. Co.*, 65 F.3d 562, 570 (7th Cir. 1995) (discussing "federal approach" taken in Tenth Circuit to determine whether a plaintiff "knowingly and voluntarily executed a release of claims"), state law governs the validity of the separation agreement. Here, the separation agreement was signed in Colorado and related to plaintiff's employment in Colorado. Other than arguing that the separation agreement is not supported by consideration, plaintiff does not challenge the validity of the separation agreement.

Docket No. 18 at 10-12.[5]  The Court agrees.

The language of the separation agreement is both clear and specific regarding the scope of the release.  Plaintiff represented that she "forever releases, waives, and discharges the District . . . from any and all actions, causes of action, claims, demands, losses, damages, costs, attorneys' fees, and liabilities whatsoever, known or unknown, suspected or unsuspected, of every kind and description through the date of execution of [the] Agreement."  Docket No. 18-8 at 2, ¶ 5.  Expressly included within this waiver were "all claims of every kind which arise out of, relate to, or are based upon: (i) Employee's employment; (ii) statements, acts or omissions by the Released Parties; (iii) express, implied or equitable agreements between the Parties; [and] (iv) Titles VI and VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*"  *Id.* at 2-3, ¶ 5.  Given this language, the Court finds that the first *Torrez* factor – the clarity and specificity of the release language – weighs in favor of finding that plaintiff's waiver was knowing and voluntary.

The second, third, fourth, and fifth *Torrez* factors also weigh in favor of enforcing the waiver clause.  With regard to the second factor, plaintiff's education and business experience, it is undisputed that plaintiff has a business management degree and prepared contracts as part of her employment for defendant.  Docket No. 18 at 8, ¶¶ 48-49.  Under the third factor, the amount of time plaintiff had to consider the separation agreement, plaintiff admits she had several days to review the agreement

---

[5]Defendant assumes that the sixth factor weighs against enforcement because "the record does not reflect whether there was any opportunity to negotiate the agreement."  Docket No. 18 at 10.  Plaintiff does not rely on the sixth factor.  Docket No. 22 at 11-13.

6

before signing it on May 18, 2015. Docket No. 18 at 8, ¶ 45. As to the fourth factor, whether plaintiff knew or should have known her rights, there is nothing to indicate that plaintiff did not understand the effect of the waiver provision, particularly in light of its unambiguous language regarding the scope of the release, plaintiff's educational and professional background, and plaintiff's representations that she was entering into the separation agreement voluntarily. *See* Docket No. 18-8 at 2-3, ¶ 5. Finally, not only did plaintiff warrant that she had "exercised [her] option to consult with an attorney before signing the agreement," but it is also undisputed that she did, in fact, speak with an attorney regarding the separation agreement. Docket No. 18 at 8, ¶ 47.

In opposing defendant's summary judgment motion, plaintiff does not contest that the first five *Torrez* factors weigh in favor of enforcing the release. *See* Docket No. 22 at 11-13. Instead, her only argument is that the waiver is unenforceable for lack of consideration. *Id.*

Under the seventh *Torrez* factor, courts look to "whether the consideration given in exchange for the waiver and accepted by the employee exceeds the benefits to which the employee was already entitled by contract or law." *Torrez*, 908 F.2d at 690. In Colorado, an agreement is valid and enforceable only if it is supported by consideration. *City of Arvada v. Concrete Contractors, Inc.*, 628 P.2d 170, 172 (Colo. App. 1981). Consideration may be defined as "any benefit to a promisor or any detriment to a promisee at the time of the contract – no matter how slight." *Lucht's Concrete Pumping, Inc. v. Horner*, 255 P.3d 1058, 1061 (Colo. 2011); *see also* Colo. Jury Instr., Civil § 30:7 (2017) (defining consideration as "a benefit received or

7

something given up as agreed upon between the parties"). The requirements of "[b]enefit and detriment have a technical meaning." *Troutman v. Webster*, 257 P. 262, 264 (Colo. 1927) (quoting 1 Williston on Contracts § 102a (1924)). Thus, an agreement is supported by consideration if "the promisee, in return for a promise, does anything legal which he is not bound to do, or refrains from doing anything which he has a right to do, even though there is no actual loss or detriment to him or actual benefit to the promisor." *Id.* at 263-64; *see also Lucht's Concrete Pumping, Inc.*, 255 P.3d at 1061 (noting that "[c]onsideration may take the form of forbearance by one party to refrain from doing something that it is legally entitled to do"). "Almost any form of consideration will support a valid contract and except in extreme circumstances, [courts] do not inquire into the adequacy of consideration." *LoPresti v. Brandenburg*, 267 P.3d 1211, 1218 (Colo. 2011).

Plaintiff makes three arguments to support her position that there was no consideration for the separation agreement. First, plaintiff claims that the separation agreement does not refer to any payment to plaintiff. Docket No. 22 at 12. Plaintiff is mistaken. The agreement provides that, "[i]n consideration of the promises and agreements contained herein, the sufficiency of which is hereby acknowledged," plaintiff will be placed on administrative leave with pay through June 30, 2015 and will continue to receive her "proportionate share of accrued temporary leave and vacation through June 30, 2015 pursuant to the terms of the Administrative Employees' Compensation Program Handbook." Docket No. 18-8 at 2, ¶¶ 2-3. Thus, under the separation agreement, plaintiff will receive pay and benefits while on administrative leave to June 30, 2015.

8

Plaintiff's second argument is that the continued receipt of pay and accrued time off did not constitute adequate consideration because every employee whose employment contract is not renewed is placed on administrative leave with pay. Docket No. 22 at 12. As defendant notes, plaintiff does not cite to any evidence in the record to support this assertion. The assertion alone is insufficient to create a genuine dispute of fact on the issue.

Finally, plaintiff contends that, because her employment contract already entitled her to pay and accrued time off through June 30, 2015, signing the separation agreement did not confer any benefit that she would not otherwise have received. Docket No. 22 at 12-13. But under the terms of the separation agreement, plaintiff agreed to "resign effective May 13, 2015." Docket No. 18-8 at 2, ¶ 1.[6] Because her resignation had the effect of terminating that contract and any pay to which she was entitled thereunder, plaintiff's continued receipt of pay from May 13, 2015 until June 30, 2015 constituted consideration for the separation agreement.[7] *See Mitchell v. Rocky Mountain Cancer Ctrs., LLP*, No. 07-cv-01479-BNB-MJW, 2008 WL 11363651, at *4-5 (D. Colo. Aug. 5, 2008) (finding that severance pay constituted consideration for resignation agreement where, by resigning position, plaintiff had relinquished right to continued pay under terms of employment contract); *cf. Heutzenroeder v. Mesa Cty.*

---

[6]The separation agreement also establishes a "separation date" of June 30, 2015, *see* Docket No. 18-8 at 2, ¶ 1, but plaintiff does not assert that the contract is ambiguous.

[7]Defendant's alternative argument, that it could have terminated plaintiff for cause on May 15, 2015, Docket No. 23 at 5, is irrelevant because it is undisputed that plaintiff was not terminated for cause. Docket No. 18 at 7, ¶¶ 41-43 (stating that plaintiff's contract was "non-renewed").

*Valley Sch. Dist. 51*, 391 F. App'x 688, 694 & n.2 (10th Cir. 2010) (unpublished) (affirming grant of summary judgment for defendant on due process and breach of contract claims where plaintiff voluntarily resigned employment).

The Court finds that six out of seven of the *Torrez* factors demonstrate that plaintiff's waiver of Title VII claims in the separation agreement was knowing and voluntary. Accordingly, the court finds that plaintiff, in signing the separation agreement, waived her Title VII rights pursuant to its terms. Because both of plaintiff's claims in this case are Title VII claims, summary judgment is warranted in defendant's favor.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant's Motion for Summary Judgment [Docket No. 18] is **GRANTED**. It is further

**ORDERED** that the complaint [Docket No. 1] is dismissed with prejudice. It is further

**ORDERED** that, within 14 days of the entry of this Order, defendant may have its costs by filing a Bill of Costs with the Clerk of the Court. It is further

**ORDERED** that this case is closed.

DATED February 7, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge